## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| DREYMOOR FERTILIZERS OVERSEAS PTE. LTD. a Singapore entity, </br></br>　　　　　Petitioner, </br></br>vs. </br></br>AVAGRO, LLC, a Kansas limited liability company, and UAB AVAGRO, a Lithuanian corporation, </br></br>　　　　　Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Case No. |

## PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD

COMES NOW Petitioner Dreymoor Fertilizers Overseas Pte. Ltd. ("Dreymoor"), by and through its counsel Tyler E. Heffron and Justin G. Cook of Triplett Woolf Garretson, LLC, and submits this Petition to Confirm and Enforce Arbitration Award against Respondents AVAgro, LLC and UAB AVAgro. A Memorandum in Support and a Declaration in Support are filed contemporaneously herewith and are hereby incorporated by reference. In support of its Petition, Dreymoor states as follows:

### PARTIES

1. Petitioner Dreymoor is a company registered in Singapore with its principal place of business at 24 Raffles Place, 12-06 Clifford Centre, Singapore 048621, and is engaged in the business of trading fertilizer products.

2. Respondent AVAgro, LLC is a Kansas limited liability company, with its principal place of business at 550 N. 159th Street East, Suite 100A, Wichita, KS 67230.

3.     Respondent UAB AVAgro is a Lithuanian corporation, with its principal place of business at 9 ojo FoAo g.47, Kaunas, Lithuania, LT-48100. UAB AVAgro is wholly owned by AVAgro, LLC.  Both AVAgro, LLC and UAB AVAgro are engaged in the business of trading fertilizer products.

## BACKGROUND

4.     On or about October 22, 2018, the AVAgro, LLC presented and UAB AVAgro and Dreymoor entered into a Sales Contract, #101-S10/2018/UAN/UAB (the "Contract").  Section 29 of the Contract provides that disputes between the parties "shall be settled by final and binding arbitration," and that the "decision of the arbitrator on any controversy or claim under this Contract shall be final."  A true and correct copy of the Contract is attached as Exhibit A.

5.     Disputes arose between the parties as it relates to the Contract. In accordance with Section 29 of the Contract, UAB AVAgro submitted a Notice of Arbitration against Dreymoor on January 31, 2019. On March 8, 2019, Dreymoor responded to the Notice of Arbitration, asserted counterclaims against UAB AVAgro, and joined as a party and asserted claims against AVAgro, LLC. The arbitration proceeding was assigned Case No. 01-19-0000-3381. The arbitration proceeding occurred under the International Centre for Dispute Resolution, International Arbitration Rules and Procedures, and was administered by the American Arbitration Association. On March 22, 2019, Matthew E. Draper was selected to hear the matter as the sole arbitrator. An evidentiary hearing took place in New York City, New York on October 21-22, 2019. Each party was represented by legal counsel at the hearing.  All the foregoing being referred to hereinafter as the "Arbitration."

6.     The Final Award in this case was made by Arbitrator Draper on February 15, 2020. A true and correct copy of the signed and notarized Final Award is attached hereto as Exhibit B.

7.     In the Final Award, Arbitrator Draper awarded relief as follows:

Within thirty (30) days from the date of transmittal of this Final Award to the parties, UAB AVAgro and AVAgro LLC hereinafter referred to as the Award Debtors, shall pay to Dreymoor Fertilizers Overseas Pte. Ltd., hereinafter referred to as the Award Creditor the sums of €6,211,091.06 and US$273,998.92.

The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling US$37,950.00 shall be borne by the Award Debtors, and the compensation and expenses of the arbitrator totaling US$54,007.50 shall be borne by the Award Debtors.  Therefore, the Award Debtors shall reimburse the Award Creditor the sum of US$65,762.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by the Award Creditor, upon demonstration by the Award Creditor that these incurred costs have been paid in full to the ICDR.

If the sums set forth above are not paid within thirty (30) days of the transmittal of this Final Award, then simple daily interest of 0.02% shall begin to accrue on the unpaid amounts, and continue until paid.

Within seven (7) days of receipt of the sums set forth above from one or both of the Award Debtors, the Award Creditor shall:

1. Notify Joint Stock Klaipeda Stevedoring Company that it is withdrawing its January 4, January 15, and May 31, 2019 notifications;
2. Notify Unicredit Bank AG that it does not have title to the Product; and
3. Issue a warehouse receipt to the Award Debtors evidencing that UAB AVAgro has title to the Product.

This award is in full settlement of all claims and counterclaims submitted to this Arbitration.

Final Award, Ex. B, pp. 13–14.

## JURISDICTION AND VENUE

8.	The 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (the "New York Convention") is applicable to an award arising from an arbitration held in the United States involving foreign entities. The United States District Courts have original subject matter jurisdiction over actions or proceedings falling under the New York Convention, regardless of the amount in controversy. 9 U.S.C. § 203; *see also* 28 U.S.C. § 1331.

9.	The New York Convention applies to the Final Award and Arbitration herein, as the parties to the Arbitration are not entirely citizens of the U.S., but rather are entities from the

3

U.S., Singapore, and Lithuania. *See* 9 U.S.C. § 201. Moreover, in addition to the New York Convention, the Federal Arbitration Act likewise applies to the Final Award and Arbitration herein, to the extent it is not in conflict with the New York Convention. *See* 9 U.S.C. §§ 209 & 1-2 (discussing the irrevocable nature and enforceability of arbitration provisions in contracts involving commerce among inter-state or inter-nations).

10. The Contract, attached as Exhibit A, provides that any court having jurisdiction may enter and enforce the Final Award. Paragraph 28 of the Contract provides:

> Notwithstanding anything in this Section 28 to the contrary, Buyer and Seller each agree that a final judgment in any arbitration, action or proceeding brought in accordance with Sections 28 and 29, hereof, and arising out of or relating to this Contract, shall be conclusive and *may be entered and enforced in any court having jurisdiction* and in any manner provided by law or in equity.

Contract, Ex. A, p. 11 ¶ 28 (emphasis added). Paragraph 29 of the Contract provides:

> Awards made pursuant to this Section 29 shall include costs such as a reasonable allowance for attorney's fees, *and judgment may be entered upon any award made hereunder in any court having jurisdiction, as provided in Section 28*.

Contract, Ex. A, p. 12 ¶ 29 (emphasis added).

11. Pursuant to 9 U.S.C. § 207, "any party to the arbitration may apply *to any court having jurisdiction* under this chapter for an order confirming the award as against any other party to the arbitration" within three years after an arbitral award is made. (Emphasis added).

12. UAB AVAgro is wholly owned by AVAgro, LLC, which is wholly owned by Anna Mikhailova, who operates both entities from AVAgro LLC's principal place of business at 550 N. 159th Street East, Suite 100A, Wichita, Kansas 67230. AVAgro, LLC is a Kansas limited liability, duly recognized and conducting business in Kansas, and its principal manager and sole member, Anna Mikhailova, is a resident of Butler County, Kansas. Accordingly, this Court has personal jurisdiction over AVAgro, LLC and UAB AVAgro under the Kansas long-arm statute, K.S.A. 60-308(b).

13. Venue is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(1).

## FINAL ENFORCEMENT OF ARBITRATION AWARD

14. This Court has authority to confirm a final arbitration award pursuant to 9 U.S.C. §§ 207 & 9. "Under the New York Convention, a court must 'confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.'" *CEEG (Shanghai) Solar Sci. & Tech. Co. v. LUMOS LLC*, 829 F.3d 1201, 1206 (10th Cir. 2016) (quoting 9 U.S.C. § 207, which states, "*The court shall confirm the award* unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention") (emphasis added).

15. Pursuant to Paragraph 28 of the Contract, the parties each agreed "that a final judgment in any arbitration . . . *shall be conclusive* and may be entered and enforced in any court having jurisdiction . . . ." Contract, Ex. A, p. 11 ¶ 28 (emphasis added).

16. Pursuant to Paragraph 29 of the Contract, the parties each agreed "[t]he decision of the arbitrator on any controversy or claim under this Contract *shall be final*." Contract, Ex. A, p. 11, ¶ 29 (emphasis added).

17. As of the date of this filing, Respondents have failed to make payment to Dreymoor of the amounts awarded in the Final Award.

18. No basis exists, nor has one been asserted, to refuse or defer confirmation of the Final Award as a judgment of the Court entered and enforceable under the law.

19. Petitioner is entitled to confirmation of the Final Award as a judgment of this Court, with all rights and benefits conferred upon Petitioner to obtain collection and recovery on such Final Award as a judgment entered and enforced under the law.

WHEREFORE, upon this Verified Petition, the accompanying Memorandum in Support, and the Declaration of Suraj Aggarwal, Petitioner Dreymoor respectfully prays that this Court

enter an Order and Judgment confirming the Final Award in the Arbitration as the Judgment of this Court, including all such relief provided for in the Final Award, including, without limitation, judgment in favor of Petitioner against Respondents in the amounts of €6,211,091.06 and US$339,761.42 (the latter figure being the combined amounts from the Final Award of $273,998.92 for Petitioner's attorney fees and expenses and $65,762.50 for reimbursement of the fees, expenses, and costs of the Arbitration previously incurred by Petitioner), plus simple daily interest of 0.02%, beginning to accrue on March 14, 2020, until all judgment amounts are paid in full. Petitioner requests such other relief the Court deems just and proper.

Respectfully submitted,

TRIPLETT WOOLF GARRETSON, LLC

*/s/ Tyler E. Heffron*
Tyler E. Heffron, #22115
Justin G. Cook, #27325
2959 N. Rock Road, Ste. 300
Wichita, Kansas 67226
Telephone: (316) 630-8100
Facsimile:  (316) 630-8101
Email: theffron@twgfirm.com
          jcook@twgfirm.com

             AND

Andrew S. de Klerk, *pro hac vice pending*
T. Patrick O'Leary, *pro hac vice pending*
FRILOT, LLC
1100 Poydras Street, Ste. 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8010
Facsimile: (504) 599-8100
Email: adeklerk@frilot.com
          poleary@frilot.com

**Attorneys for Petitioner**

6

#723827v1/17620.002