IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DREYMOOR FERTILIZERS OVERSEAS PTE. LTD. a Singapore entity,<br><br>　　　　Petitioner,<br><br>vs.<br><br>AVAGRO, LLC, a Kansas limited liability company, and UAB AVAGRO, a Lithuanian corporation,<br><br>　　　　Respondents. | Case No. |

## MEMORANDUM IN SUPPORT OF
## PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD

COMES NOW Petitioner Dreymoor Fertilizers Overseas Pte. Ltd. ("Dreymoor"), by and through its counsel Tyler E. Heffron and Justin G. Cook of Triplett Woolf Garretson, LLC, and submits this Memorandum in Support of its Petition to Confirm and Enforce Arbitration Award against Respondents AVAgro, LLC and UAB AVAgro.  For the reasons set forth below, the Court should issue an Order and Judgment that confirms the Final Award entered by Arbitrator Matthew E. Draper on February 15, 2020, as the judgment of this Court.

### FACTS AND BACKGROUND

1. Dreymoor is a company registered in Singapore with its principal place of business at 24 Raffles Place, 12-06 Clifford Centre, Singapore 048621, and is engaged in the business of trading fertilizer products.  Declaration of Suraj Aggarwal ¶ 1, attached hereto as Exhibit 1; Final Award, Ex. B to Petition, p 2.

2. AVAgro, LLC is a Kansas limited liability company, with its principal place of business at 550 N. 159th Street East, Suite 100A, Wichita, KS 67230.  Declaration of Suraj Aggarwal, Ex. 1, ¶ 2; Final Award, Ex. B to Petition, pp. 1-2.

3. UAB AVAgro is a Lithuanian corporation, with its principal place of business at 9 ojo FoAo g.47, Kaunas, Lithuania, LT-48100. UAB AVAgro is wholly owned by AVAgro LLC. Both of these corporate entities are engaged in the business of trading fertilizer products. Declaration of Suraj Aggarwal, Ex. 1, ¶ 3; Final Award, Ex. B to Petition, pp. 1-2.

4. UAB AVAgro is wholly owned by AVAgro, LLC, which is wholly owned by Anna Mikhailova, who operates both entities from AVAgro, LLC's principal place of business at 550 N. 159th Street East, Suite 100A, Wichita, Kansas 67230. Anna Mikhailova is a resident of Butler County, Kansas. Declaration of Suraj Aggarwal, Ex. 1, ¶ 4; Final Award, Ex. B to Petition, pp. 1–2.

5. On or about October 22, 2018, the parties entered into a Sales Contract, #101-S10/2018/UAN/UAB (the "Contract"). Section 29 of the Contract provides that disputes between the parties "shall be settled by final and binding arbitration," and that the "decision of the arbitrator on any controversy or claim under this Contract shall be final." Section 28 of the Contract provides that the parties agreed that "a final judgment in any arbitration, action or proceeding brought in accordance with Sections 28 and 29, hereof, and arising out of or relating to this Contract, shall be conclusive . . ." A true and correct copy of the Contract is attached to the Petition as Exhibit A. Declaration of Suraj Aggarwal, Ex. 1, ¶ 5; Ex. A to Petition, p. 11 ¶ 29.

6. Disputes arose between the parties as it relates to the Contract. In accordance with Section 29 of the Contract, UAB AVAgro submitted a Notice of Arbitration against Dreymoor on January 31, 2019. On March 8, 2019, Dreymoor responded to the Notice of Arbitration, asserted counterclaims against UAB AVAgro, and joined as a party and asserted claims against AVAgro, LLC. The arbitration proceeding was assigned Case No. 01-19-0000-3381. The arbitration proceeding occurred under the International Centre for Dispute Resolution, International Arbitration Rules and Procedures, and was administered by the American Arbitration Association.

On March 22, 2019, Matthew E. Draper was selected to hear the matter as the sole arbitrator. An evidentiary hearing took place in New York City, New York on October 21-22, 2019. Each party was represented by legal counsel at the hearing. All the foregoing being referred to hereinafter as the "Arbitration." Declaration of Suraj Aggarwal, Ex. 1, ¶ 6; Final Award, Ex. B to Petition, pp. 2-6.

7.  The Final Award in the Arbitration was made by Arbitrator Draper on February 15, 2020. A true and correct copy of the signed and notarized Final Award is attached to the Petition as Exhibit B. Declaration of Suraj Aggarwal, Ex. 1, ¶ 7; Final Award, Ex. B to Petition.

8.  In the Final Award, Arbitrator Draper awarded as follows:

Within thirty (30) days from the date of transmittal of this Final Award to the parties, UAB AVAgro and AVAgro LLC hereinafter referred to as the Award Debtors, shall pay to Dreymoor Fertilizers Overseas Pte. Ltd., hereinafter referred to as the Award Creditor the sums of €6,211,091.06 and US$273,998.92.

The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling US$37,950.00 shall be borne by the Award Debtors, and the compensation and expenses of the arbitrator totaling US$54,007.50 shall be borne by the Award Debtors. Therefore, the Award Debtors shall reimburse the Award Creditor the sum of US$65,762.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by the Award Creditor, upon demonstration by the Award Creditor that these incurred costs have been paid in full to the ICDR.

If the sums set forth above are not paid within thirty (30) days of the transmittal of this Final Award, then simple daily interest of 0.02% shall begin to accrue on the unpaid amounts, and continue until paid.

Within seven (7) days of receipt of the sums set forth above from one or both of the Award Debtors, the Award Creditor shall:

1. Notify Joint Stock Klaipeda Stevedoring Company that it is withdrawing its January 4, January 15, and May 31, 2019 notifications;
2. Notify Unicredit Bank AG that it does not have title to the Product; and
3. Issue a warehouse receipt to the Award Debtors evidencing that UAB AVAgro has title to the Product.

This award is in full settlement of all claims and counterclaims submitted to this Arbitration.

Final Award, Ex. B to Petition, pp. 13–14.

9. The Contract, attached to the Petition as Exhibit A, provides that any court having jurisdiction may enter and enforce the Final Award. Paragraph 28 of the Contract provides:

> Notwithstanding anything in this Section 28 to the contrary, Buyer and Seller each agree that a final judgment in any arbitration, action or proceeding brought in accordance with Sections 28 and 29, hereof, and arising out of or relating to this Contract, *shall be conclusive and may be entered and enforced in any court having jurisdiction and in any manner provided by law or in equity*.

Contract, Ex. A to Petition, p. 11 ¶ 28 (emphasis added). Paragraph 29 of the Contract provides:

> Awards made pursuant to this Section 29 shall include costs such as a reasonable allowance for attorney's fees, and *judgment may be entered upon any award made hereunder in any court having jurisdiction, as provided in Section 28*.

Contract, Ex. A to Petition, p. 12 ¶ 29 (emphasis added).

10. As of the date of filing the Petition in this Court, AVAgro, LLC and UAB AVAgro have failed to make payment to Dreymoor of the amounts awarded in the Final Award. Declaration of Suraj Aggarwal, Ex. 1, ¶ 8.

## ARGUMENT AND AUTHORITIES

**A.     Jurisdiction and Venue for the Petition to Confirm and Enforce Arbitration Award Are Both Proper in the U.S. District Court for the District of Kansas.**

The 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (the "New York Convention") is applicable to an award arising from an arbitration held in the United States involving foreign entities. *See CEEG (Shanghai) Solar Sci. & Tech. Co. v. LUMOS LLC*, 829 F.3d 1201, 1206 (10th Cir. 2016). Specifically, the New York Convention states in 9 U.S.C. § 202 that it does not apply to arbitrations involving entities *"entirely between citizens of the United States."* 9 U.S.C. § 202 (emphasis added). Here, the New York Convention is applicable, as the Arbitration involved foreign entities—Dreymoor a Singapore entity, UAB AVAgro a Lithuanian entity, and AVAgro, LLC a Kansas entity. The Arbitration was conducted

4

under the International Centre for Dispute Resolution, International Arbitration Rules and Procedures, and was administered by the American Arbitration Association. Moreover, and in addition to the New York Convention, the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA") likewise applies to the Final Award and Arbitration, to the extent the FAA does not conflict with the New York Convention. *See* 9 U.S.C. §§ 209 & 1-2 (discussing the irrevocable nature and enforceability of arbitration provisions in contracts involving commerce among inter-state or inter-nations). The United States District Courts have original subject matter jurisdiction over actions or proceedings falling under the New York Convention, regardless of the amount in controversy. *See* 9 U.S.C. § 203; *see also,* 28 U.S.C. § 1331.

Paragraph 28 of the Contract, which governs the parties' rights and obligations with respect to any disputes, provides that "a final judgment in any arbitration . . . shall be conclusive and may be entered and enforced *in any court having jurisdiction . . .*" *See* Ex. A to Petition, p. 11 ¶ 28 (emphasis added). This language is consistent with 9 U.S.C. § 207, which provides:

> Within three years after an arbitral award falling under the Convention is made, *any party to the arbitration may apply to any court having jurisdiction* under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207 (emphasis added). Accordingly, this Court has original subject matter jurisdiction to enter an order confirming the Final Award against Respondents pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

Venue is also proper under 9 U.S.C. § 204, which provides "[a]n action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought, or in such court for the district and division

5

which embraces the place designated in the agreement as the place of arbitration if such place is within the United States." Here, the Contract contained a mandatory venue provision, under which arbitration shall be brought exclusively in the County of New York, State of New York. *See* Ex. A to Petition, pp. 10-11 ¶ 28. The parties further stipulated that tribunals in the County of New York, State of New York shall have *in personam* jurisdiction and venue over each of them for the purpose of arbitrating any dispute arising out of or relating to the Contract. *See Id.* However, Paragraph 28 of the Contract further provides, as to enforcement of an arbitration award:

> *<u>Notwithstanding anything in this Section 28 to the contrary</u>, Buyer and Seller each agree that a final judgment in any arbitration*, action or proceeding brought in accordance with Sections 28 and 29, hereof, and arising out of or relating to this Contract, *shall be conclusive and <u>may be entered and enforced in any court having jurisdiction</u> and in any manner provided by law or in equity*.

*Id*., p. 11 ¶ 28 (emphasis added). Accordingly, pursuant to 9 U.S.C. § 204 and Paragraph 28 of the Contract, venue is proper in this Court, as a court having jurisdiction. Further, 28 U.S.C. § 1391(b)(1) provides venue is proper in "a judicial district in which *any* defendant resides, if all defendants are residents of the State in which the district is located." (Emphasis added). A foreign entity, for purposes of venue, can be sued in any judicial district and is disregarded in determining where the action shall be brought. *See* 28 U.S.C. § 1391(c)(3). Here, AVAgro, LLC is a Kansas entity and UAB AVAgro is a foreign, Lithuanian entity. As such, and even aside from the venue requirements of the New York Convention and the Contract, proper venue exists in this Court by virtue of 28 U.S.C. §§ 1391(b) and (c), because AVAgro, LLC is a resident entity of Kansas and UAB AVAgro's residency as a foreign entity is disregarded by law.

Finally, this Court has personal jurisdiction over AVAgro, LLC and UAB AVAgro. "Because the Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, [this Court should] proceed directly to the constitutional issue." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998). Due

process protects individuals and entities from being subject to biding judgments of a forum with which they have established no meaningful contacts, ties, or relations. *Id*. Therefore, in order to satisfy the constitutional due process requirements "there must be 'minimum contacts' between the defendant and the forum state." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd*., 385 F.3d 1291, 1295 (10th Cir. 2004). This "minimum contacts" requirement may be met either (1) by continuous and systematic contacts with the forum state, in which case courts of that state have general jurisdiction over the defendant, and/or (2) by a defendant purposely directing activities at residents of the forum state, in which case courts of that state may exercise specific jurisdiction over the defendant "in cases that arise out of or relate to those activities." *Id*.

Here, AVAgro, LLC is a Kansas limited liability company, with its principal place of business at 550 N. 159th Street East, Suite 100A, Wichita, KS 67230. Anna Mikhailova is the sole owner of AVAgro, LLC, and lives in Butler County, Kansas. Accordingly, this Court undoubtedly has personal jurisdiction over AVAgro, LLC. *See* K.S.A. 60-308(b)(1)(A). UAB AVAgro is a Lithuanian corporation, but is wholly-owned by AVAgro, LLC. Both entities are operated by Anna Mikhailova from AVAgro, LLC's principal place of business in Kansas. Thus, UAB AVAgro has "continuous and systematic contacts" with Kansas, due to the fact Anna Mikhailova conducts UAB AVAgro's business from this State and its corporate ownership is a resident of this State. Based on all the foregoing, this Court is vested with full and complete jurisdiction and venue in this matter.

**B.     Dreymoor Is Entitled to an Order Confirming the Arbitration Award and the Entry of Judgment Thereon.**

In the Final Award, Arbitrator Draper awarded as follows:

> Within thirty (30) days from the date of transmittal of this Final Award to the parties, UAB AVAgro and AVAgro LLC hereinafter referred to as the Award Debtors, shall pay to Dreymoor Fertilizers Overseas Pte. Ltd., hereinafter referred to as the Award Creditor the sums of €6,211,091.06 and US$273,998.92.

The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling US$37,950.00 shall be borne by the Award Debtors, and the compensation and expenses of the arbitrator totaling US$54,007.50 shall be borne by the Award Debtors. Therefore, the Award Debtors shall reimburse the Award Creditor the sum of US$65,762.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by the Award Creditor, upon demonstration by the Award Creditor that these incurred costs have been paid in full to the ICDR.

If the sums set forth above are not paid within thirty (30) days of the transmittal of this Final Award, then simple daily interest of 0.02% shall begin to accrue on the unpaid amounts, and continue until paid.

Within seven (7) days of receipt of the sums set forth above from one or both of the Award Debtors, the Award Creditor shall:

4. Notify Joint Stock Klaipeda Stevedoring Company that it is withdrawing its January 4, January 15, and May 31, 2019 notifications;
5. Notify Unicredit Bank AG that it does not have title to the Product; and
6. Issue a warehouse receipt to the Award Debtors evidencing that UAB AVAgro has title to the Product.

This award is in full settlement of all claims and counterclaims submitted to this Arbitration.

Final Award, Ex. B to Petition, pp. 13–14.

"Under the New York Convention, a court *must 'confirm the award* unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.'" *CEEG*, 829 F.3d at 1206 (quoting 9 U.S.C. § 207) (emphasis added).

The only defenses specified by the New York Convention are as follows:

(a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond

8

> the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

New York Convention Art. V(1)(a)–(e). "Courts construe these defenses 'narrowly, to encourage the recognition and enforcement of commercial arbitration agreements in international contracts.'" *CEEG*, 829 F.3d at 1206 (quoting *Karaha Bodas Co v. Perusahaan*, 364 F.3d 274, 288 (5th Cir. 2004)). The party opposing enforcement of an arbitral award bears the burden of proving that one of the defenses applies. *Id*.

Respondents will not be able to avail themselves of any of the defenses articulated in Article V of the New York Convention. First, Respondents were not under any "incapacity," as they fully participated, appeared, and testified at the Arbitration and trial with counsel throughout, and the Contract is valid under the law to which the parties have subjected it (New York law). Second, Respondents were given proper notice of the appointment of the arbitrator and of the Arbitration proceedings, having participated throughout with counsel and having been present at the two-day Arbitration trial. Indeed, it was UAB AVAgro that initiated the Arbitration by submitting the Notice of Arbitration against Dreymoor on January 31, 2019. *See* Final Award, Ex. B to Petition, p. 4 ¶ 19. Third, there are no facts that would suggest the Final Award "deals with a difference not contemplated by or not falling within the terms of the submission to arbitration," or "contains decisions on matters beyond the scope of the submission to arbitration." *See* Final Award, Ex. B to Petition, p. 6 ¶¶ 34–35 (outlining the relief sought by the parties in the arbitration).

9

Fourth, it cannot be said that "composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties." The arbitration was conducted and administered in accordance with the rules and procedures of the American Arbitration Association, as agreed upon by the parties. *See* Contract, Ex. A to Petition, p. 11 ¶ 29. Finally, the Final Award is binding upon the parties (as was their agreement in the Contract), it has not been set aside or suspended by any court of competent jurisdiction, and no party has sought to set aside, vacate, or modify the Final Award.

The parties specifically agreed that "a final judgment in any arbitration . . . *shall be conclusive and may be entered and enforced in any court having jurisdiction . . .*" *See* Contract, Ex. A to Petition, pp. 11-12 ¶¶ 28 & 29 (emphasis added). Petitioner is therefore entitled to confirmation of the Final Award as a judgment of this Court, with all rights and benefits conferred upon Petitioner to obtain collection and recovery on such Final Award as a judgment entered and enforced under the law. *See* 9 U.S.C. § 207.

## CONCLUSION

This Court is fully vested with authority and jurisdiction under the New York Convention, the Federal Arbitration Act, and the parties' Contract to enter an Order and Judgment confirming the Final Award in the Arbitration as the judgment of this Court, thereby entitling Dreymoor to all rights and benefits to seek collection and recovery of the Final Award, as sought by the Petition filed herein.

    Respectfully submitted,

    TRIPLETT WOOLF GARRETSON, LLC

    */s/ Tyler E. Heffron*
    Tyler E. Heffron, #22115
    Justin G. Cook, #27325
    2959 N. Rock Road, Ste. 300
    Wichita, Kansas 67226

>Telephone: (316) 630-8100
>Facsimile:  (316) 630-8101
>Email: theffron@twgfirm.com
>          jcook@twgfirm.com
>
>AND
>
>Andrew S. de Klerk, *pro hac vice pending*
>T. Patrick O'Leary, *pro hac vice pending*
>FRILOT, LLC
>1100 Poydras Street, Ste. 3700
>New Orleans, Louisiana 70163
>Telephone: (504) 599-8010
>Facsimile: (504) 599-8100
>Email: adeklerk@frilot.com
>          poleary@frilot.com
>
>***Attorneys for Petitioner***

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2020, I electronically filed the foregoing ***Memorandum in Support of Petition to Confirm and Enforce Arbitration Award*** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to those parties that have registered in this case, and that a copy of the same was also included in the service of process packet of the ***Petition to Confirm and Enforce Arbitration Award***.

>By  */s/ Tyler E. Heffron*
>     Tyler E. Heffron, #22115