IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DREYMOOR FERTILIZERS OVERSEAS PTE. LTD. a Singapore entity, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | Case No. 6:20-mc-00105-EFM |
| AVAGRO LLC, a Kansas limited liability company, and UAB AVAGRO, a Lithuanian corporation, | ) ) ) ) | |
| Respondents. | ) ) ) | |

## REPLY IN SUPPORT OF PETITION FOR CONFIRMATION TO ANSWER OF UAB AVAGRO AND AVAGRO LLC

Petitioner, Dreymoor Fertilizers Overseas Pte. Ltd. ("Dreymoor" or "Petitioner"), by and through undersigned counsel, respectfully files this Reply in Support of its Petition for Confirmation to the answer of UAB AVAgro and AVAgro LLC.

This action arises from a Final Award dated February 15, 2020, entered in an arbitration proceeding before the International Centre for Dispute Resolution in New York in favor of Petitioner against AVAgro LLC, a Kansas limited liability company "(LLC") and its wholly-owned subsidiary UAB AVAgro, a Lithuanian company ("UAB, and collectively with LLC, "AVAgro") in excess of $7 million (the "Award"). That action is styled *UAB AVAgro v. Dreymoor*, International Centre For Dispute Resolution International Arbitration Rules and Procedures, Case No. 01-19-0000-3381 (the "Award").

AVAgro is owned by a single individual, Anna Mikhailova ("Ms. Mikhailova"), a Kansas resident and principle and sole shareholder of the AVAgro entities, who handled the negotiations regarding the underlying transaction as a resident of Kansas and while she was situated in Kansas.

CORE/3519744.0002/159270944.1

AVAgro failed to pay the Award, forcing Dreymoor to file a Petition to Confirm the Award with this Court.  AVAgro sought to delay confirmation under Article 33 of the Rules of The International Centre For Dispute Resolution, claiming the Final Award was not final because AVAgro had filed an application asking the arbitrator to supplement his award with additional findings ("AVAgro's Application to Supplement").  That application was, however, summarily rejected yesterday by the arbitrator, who found that AVAgro's Application to Supplement was entirely without merit and issued a decision accordingly (the "Article 33 Decision").  A true and correct copy of that decision is attached to the Declaration of Dmitry Shimanovich ("Shimanovich Decl.").

Meanwhile, AVAgro has not filed a motion with this Court seeking any relief from the Award, but has instead only filed an answer to the Petition.  That answer essentially raises only two issues that theoretically are relevant to confirmation; first that the Award is not final and second that this Court does not have jurisdiction over UAB AVAgro, the Lithuanian entity.[1]  The finality issue has now been resolved by the Article 33 Decision.  As jurisdiction, AVAgro did not submit any evidence in support of its answer and did not cite to any legal authority in support thereof or in support of any other basis upon which to deny confirmation.

A Petition to Confirm is simply a motion under the Federal Arbitration Act: "Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."  9 U.S.C. § 6. In other words, the Petition should be treated like a motion, and granted by the Court on the papers submitted.  Accordingly, the Court should consider AVAgro's answer to constitute the entirety of its opposition to the Petition, and should further consider this reply in response to AVAgro's answer, and then issue a confirmation order based on those submissions.  To the

---

[1] There can be no reasonable dispute that this Court has jurisdiction over AVAgro LLC, which is a Kansas entity, registered in Kansas, with an agent for service of process in Kansas (Ms. Mikhailova), who was personally served in Kansas.

CORE/3519744.0002/159270944.1

extent there is any dispute about jurisdiction relating to UAB AVAgro, this Court can and should immediately confirm the award as to AVAgro LLC.

I.   **FACTUAL BACKGROUND**

The Award arose from AVAgro's failure to pay approximately €6 million provided by Dreymoor for the purchase of approximately 27,000 tons of UAN, a liquid fertilizer (the "Products"). UAB, the original obligor, defaulted on its obligation to repay this amount to Dreymoor in 2018 after UAB was unable to resell the Products. Ms. Mikhailova, a resident of Kansas, handled all of the negotiations for AVAgro in the transaction. (Shimanovich Decl., ¶ 3.) After the default, Ms. Mikhailova, while a resident of Kansas, reaffirmed the debt due Dreymoor, and agreed to add a further company, LLC, as an obligor on such debt. She also represented that LLC had separate assets which would be used to repay Dreymoor. (Shimanovich Decl., ¶ 4.) Ms. Mikhailova, again as a resident of Kansas, also agreed to personally guarantee the debt, but in the meantime secretly used the limited assets of LLC to fund new, unrelated business, and diverted the proceeds of that new business to unknown third parties, leaving the Dreymoor debt unpaid. (Shimanovich Decl., ¶ 5.)

Meanwhile, the fertilizer purchased with Dreymoor's funds (the "Product") was stored – and continues to be stored unsold – by Klaipeda Stevedoring Company ("Klasco") at a port facility in Lithuania, running up millions of dollars of storage charges that UAB has also failed to pay, while the market value of the Products has plummeted. (Shimanovich Decl., ¶ 6.) UAB's unpaid storage fees and title to the Products are the subject of an action in Lithuania between UAB and Klasco (the "Klasco Action") in which Dreymoor has been granted permission to intervene. (Shimanovich Decl., ¶ 10.)

UAB initiated the arbitration against Dreymoor seeking declarations regarding the obligations of the parties, and in response Dreymoor filed a counterclaim against UAB and LLC, seeking payment of the debt owed under the Contracts. After the hearing in that action, the arbitrator awarded Dreymoor €6,211,091.06 and $339,761.42, jointly and severally, against both UAB AVAgro and AVAgro LLC. AVAgro filed a challenge to the Award under Article 33 of

3

the ICDR Rules, which was summarily rejected in the Article 33 Decision.  (Shimanovich Decl., ¶ 11.)

Dreymoor brought an action in Lithuania to confirm and enforce the award in Lithuania and enforce it against the Products held at Klasco (the "Lithuanian Enforcement Action").  That action is ongoing.  Dreymoor also filed this action to confirm the award in Kansas.

Meanwhile, neither UAB AVAgro, AVAgro LLC nor Ms. Mikhailova have repaid any of the amounts owing under the Contracts or the Award.  As of February 15, 2020, the amount due and owing to Dreymoor under the Contracts is €6,211,091.06 and $339,761.42, and starting 30 days thereafter simple daily interest of 0.02% accrues on unpaid amounts, until paid.

## II.    THE AWARD SHOULD BE CONFIRMED

Pursuant to the 9 U.S.C. § 6, this Court should grant Dreymoor's Petition for Confirmation because AVAgro has not provided any legal opposition to that confirmation and has not submitted any evidence in opposition to that confirmation.  AVAgro has filed only an unverified answer, containing assertions without reference to any legal authority, and without the support of any evidence.

This Court has authority to confirm a final arbitration award pursuant to 9 U.S.C. §§ 207 & 9.  "Under the New York Convention, a court must 'confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.'"  *CEEG (Shanghai) Solar Sci. & Tech. Co. v. LUMOS LLC*, 829 F.3d 1201, 1206 (10th Cir. 2016) (quoting 9 U.S.C. § 207, which states, "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention") (emphasis added).  Those grounds are either where there is an egregious departure from the parties' agreed-upon arbitration, or when the arbitrator has committed fraud or is otherwise guilty of misconduct.  None of those grounds exist here, nor has AVAgro asserted that any of those grounds are applicable here, or provided any evidence that any of those grounds are relevant.  AVAgro's "answer" to the petition offers no legal or factual basis to deny confirmation.

CORE/3519744.0002/159270944.1

Even assuming, *arguendo*, that AVAgro's answer properly raises any arguments in opposition to confirmation, those arguments relate to jurisdiction over UAB AVAgro.[2]   The issue of jurisdiction over UAB AVAgro was addressed by Dreymoor in the Petition and not meaningfully challenged by AVAgro in its answer.

Pursuant to 9 U.S.C. § 207, "any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration" within three years after an arbitral award is made.   (Emphasis added).   As detailed in the Petition, UAB AVAgro is wholly owned by AVAgro LLC, which is wholly owned by Anna Mikhailova, who operates both entities from AVAgro LLC's principal place of business at 550 N. 159th Street East, Suite 100A, Wichita, Kansas 67230.   AVAgro LLC is a Kansas limited liability, duly recognized and conducting business in Kansas, and its principal manager and sole member, Anna Mikhailova, is a resident of Butler County, Kansas.   Accordingly, this Court has personal jurisdiction over AVAgro LLC and UAB AVAgro under the Kansas long-arm statute, K.S.A. 60-308(b).   Moreover, the only evidence before the Court is that Ms. Mikhailova, while a resident of Kansas, handled all of the negotiations involving the transaction, including reaffirmation of the debt due Dreymoor, agreement to add a Kansas company, LLC, as an obligor on the debt, and representations that LLC had separate assets which would be used to repay Dreymoor.   (Shimanovich Decl., ¶ 4.)   Ms. Mikhailova, again as a resident of Kansas, also agreed to personally guarantee the debt, but in the meantime secretly used the limited assets of LLC to fund new, unrelated business, and diverted the proceeds of that new business to unknown third parties.   (Shimanovich Decl., ¶ 5.)   Accordingly, this court also has specific jurisdiction over the claims against UAB AVAgro.

Thus, on the record properly before this Court, the Petition is unopposed by any factual evidence and should be granted, including as to UAB AVAgro.   To the extent the Court has any concerns on the jurisdiction issue, despite AVAgro's failure to properly refute jurisdiction in its

---

[2] The finality issue raised by AVAgro's answer has since been resolved by the Article 33 Decision.

answer, the Court should confirm the award as to the Kansas entity, AVAgro LLC, and order

AVAgro to provide evidence in support of any jurisdictional dispute regarding UAB AVAgro.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Dreymoor respectfully requests that the Award be confirmed

in its entirety.

Respectfully submitted,

*/s/ Lynn D. Preheim*
Lynn D. Preheim, SCt. #13300
Anna C. Ritchie, SCt. #24934
STINSON LLP
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206-6620
Phone: (316) 268-7930
Fax: (316) 265-1349
lynn.preheim@stinson.com
anna.ritchie@stinson.com

*Attorneys for Petitioner Dreymoor Fertilizers*
*Overseas Pte. Ltd.*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 5th day of May, 2020, the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Patrick B. Hughes
Adams Jones Law Firm PA
1635 N. Waterfront Parkway, Suite 200
Wichita, KS 67206
phughes@adamsjones.com
*Attorney for Respondents*

*/s/ Lynn D. Preheim*

CORE/3519744.0002/159270944.1