IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DREYMOOR FERTILIZERS OVERSEAS PTE, LTD. | ) ) ) | |
| Plaintiff, | ) | Case No. 20-mc-00105 |
| v. | ) ) | |
| AVAGRO, LLC, and UAB AVAGRO, | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' EMERGENCY MOTION FOR
CLARIFICATION AND/OR EMERGENCY RELIEF**

1.      On May 22, 2020 the Court entered an order restraining AVAgro, LLC and UAB AVAgro from "selling, transferring, pledging or otherwise encumbering or disposing of any Assets unless and until the amount due Dreymoor on the judgment in this matter, including interest thereon, has been paid in full."

2.      AVAgro LLC has at least one account receivable which for its collection requires AVAgro LLC's retention of and representation by counsel in Ukraine. The inability to pursue the collection of the receivable would hamper AVAgro LLC's capacity to pay indebtedness to Dreymoor. Further activity to collect the receivable which involves the expenditure of any funds of UAB AVagro or AVAgro, LLC might be deemed to be contrary to the Court's injunction that they are enjoined from "transferring . . . or disposing of any Assets . . . ."

3.      UAB AVAgro's pursuit of its right vis-à-vis Klasco to the UAN that is the subject matter of Dreymoor's requests for relief requires UAB AVAgro's continued representation by counsel in Lithuanian litigation against Klasco in which UAB AVAgro

seeks the release of UAN and a determination of proper storage charges. In the absence of some resolution of the Klasco litigation, UAB AVAgro cannot use the UAN to pay indebtedness to Dreymoor. Further activity in the Klasco case which involves paying counsel or expenses might be deemed to be contrary to the Court's injunction that they are enjoined from "transferring . . . . or disposing of any Assets . . . ."

4.      UAB AVAgro may be required by Lithuanian law to file for restructuring or liquidation in view of its current financial condition. However, such a filing might have the effect of "otherwise encumbering" assets of the company with the impacts of filing a liquidation or restructuring proceeding and thus might be deemed to be contrary to the Court's order that UAB AVAgro is enjoined from "otherwise encumbering . . . any Assets . . . ."

5.      UAB AVAgro and AVAgro, LLC have contractual obligations for rent, attorney fees, accounting fees, and other operating expenses. Paying such operating expenses might be deemed to violate the Court's order that the companies are enjoined from "transferring . . . any Assets . . . ." In addition, continuing to incur expenses without paying them, in light of a court order that precludes their payment, could expose the entities to claims for fraud.

6.      UAB AVAgro was, at the time of the May 22 Order, attempting in Lithuania, through the Lithuanian court, to secure the release of UAN in order to sell the UAN and pay the net proceeds to Dreymoor. Doing so would appear to be contrary to the Court's order enjoining UAB AVAgro from "selling . . . or disposing of any Assets unless and until the amount due Dreymoor on the judgment in this matter, including interest thereon, has been paid in full."

7.      The interim measures Dreymoor obtained in Lithuania that were reversed after 8 months resulted in the effective cessation of UAB AVagro business. As a result, apart from the sale of the UAN and the collection of accounts receivable, the AVAgro companies have no capacity to pay the judgment of Dreymoor immediately.

8.      The terms of the Court's May 22, 2020 may, for the foregoing reasons, unnecessarily impede the payment of Dreymoor and the rights and obligations of the companies.

WHEREFORE UAB AVAgro and AVagro, LLC request that the Court clarify its May 22, 2020 Order, or provide emergency relief from such Order, to permit: (a) the AVAgro entities to collect receivables and pay operational expenses (including rent and attorney fees for pursuing collection of receivables, securing the release of the UAN, resolving claims of and against KLASCO, and defending the rights of the companies [but not including defending the owner of AVAgro, LLC against claims asserted against her in her personal capacity], and accounting fees), (b) the filing of any solvency liquidation or restructuring action, if necessary, and (c) the sale of the UAN with the net proceeds applied to pay Dreymoor.

Respectfully submitted,

ADAMS JONES LAW FIRM, P.A.
1635 N. Waterfront Parkway, Suite 200
Wichita, KS 67206-6623
Phone: (316) 265-8591 / Fax: (316) 265-9719
Email:   phughes@adamsjones.com

By /s/ Patrick B. Hughes
    Patrick B. Hughes, #16648
    Attorney for Defendants

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 26, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Patrick B. Hughes