# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DREYMOOR FERTILIZERS OVERSEAS
PTE. LTD. a Singapore entity,

    *Plaintiff,*

vs.

AVAGRO, LLC, a Kansas limited liability
company, and UAB AVAGRO, a Lithuanian
corporation,

    *Defendants.*

Case No. 20-mc-0105-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff Dreymoor Fertilizers Overseas PTE, LTD filed this action to enforce an arbitration award against Defendants AVAgro, LLC and UAB AVAgro. Plaintiff also sought permission from the Court for immediate authorization to execute on the judgment. Defendants responded with a blizzard of objections. The Court heard arguments on the matter on May 13, 2020, via Zoom, and issued its Order on May 22, 2020, which granted Plaintiff's Motion to enforce the arbitration award, but only granted in part Plaintiff's motion to execute. The Court permitted Plaintiff to require disclosure and discovery from Defendants promptly, and enjoined both Defendants from "selling, transferring, pledging or otherwise encumbering or disposing of any Assets [a previously defined term] unless and until the amount due Dreymoor on the judgment in

this matter, including interest thereon, has been paid in full." The Court finally also ruled that "Dreymoor shall further be fully entitled to pursue all other remedies provided by law in the collection of such judgment."

A scant four days after the Court issued its order, on May 26, 2020, Defendants filed an "Emergency Motion for Clarification and/or Emergency Relief" (Doc. 34). In this motion, Defendant purportedly sought clarification or relief from the Court's injunction with respect to a number of particular items. Two days later, on May 28, 2020, Defendants filed a "Motion to Quash and for Protective Order" (Doc. 38). In this motion Defendants raised a number of detailed objections to Plaintiff's discovery requests. Plaintiff filed a response to both motions, (at Docs. 37 and 42), and due to the urgency of the matter the Court set the case for hearing via telephone at 9:00 a.m. on May 29, 2020. The Court heard arguments from the parties at this hearing, issued its oral ruling, and now issues this written order to memorialize that ruling.[1]

The Court should first here note, as it did in the hearing, that Defendants conduct in this case has been to be evasive and non-responsive on hyper technical and specious grounds, beyond the point of reason and logic, to the point that Defendants have essentially lost their credibility with this Court. The Court noted that some requests or arguments Defendants made would, in another context, be somewhat persuasive or reasonable. However, as Plaintiff noted in its last filing (Doc. 42), at page 4: "Moreover, because AVAgro has repeatedly demonstrated an [sic] predilection to raise extremely narrow, hyper-technical arguments, Dreymoor's Notices and subpoena were intentionally drafted broadly in order to encompass all possible relevant topics and

---

[1] To the extent this Order does not cover every detail of the Court's oral ruling at that hearing, those rulings as contained on the record thereof are still extant, and the Court admonishes Defendants not to further try its patience by filing some motion for relief from the oral rulings on such grounds.

documents, without having to resort to continuous motion practice seeking this Court's intervention." The Court noted at the telephonic hearing that it not only agreed with this characterization of Defendants' positions in this dispute, but found that such statement, if anything, understated or downplayed Defendants' conduct herein.

The Court denies all of Defendants' requests, with the following exceptions or modifications:

- Defendants expressed concern that some requested items would involve confidential or trade secret matters. Plaintiff agreed to enter into a Protective Order with respect to such items. The Court indicated that if the parties agreed upon the form of a Protective Order and submitted it to the Court, it would be entered. However, if the parties could not agree, the Court noted that it had consistently found Plaintiff's positions in these matters to be reasonable and Defendants' positions to be unreasonable, and so it advised Defendant that a petition to the Court to construct the form of a Protective Order if the parties could not agree would not be favorably looked upon.

- Part of Defendants' arguments for clarification or relief from the Court's injunction related to the premise that often, one must spend some money in order to collect money. Defendants made several arguments in this regard, which the Court frankly found deliberately vague and suspiciously constructed. Plaintiff agreed in principle that some expenditures were doubtless necessary in the overall financial interest of both parties. Therefore, the Court orders that, to the extent Plaintiff approved in writing of specific expenditures Defendants proposed, such expenditures would be considered as exempted from the Court's injunction. Again, however, the Court

cautioned Defendant that, to the extent the parties did not agree, Defendant would have a difficult task persuading the Court to grant it relief not agreed upon.

- Some discovery requests made by Plaintiff were modified by counsel's statements during the telephonic hearing, and Defendants will only be required to comply with the modified discovery requests. Those matters were: a) if the only tax return for Defendant LLC was a Schedule C on the owner's tax return, Plaintiff is not seeking her individual returns; and b) Plaintiff's original discovery requests asked for information related to purchases and receipts "over $1.00," and Plaintiffs have indicated that the requests was intended to be for those over $1,000; the requests are accordingly revised.

Defendants also made numerous objections to discovery requests as being overly broad, burdensome, or irrelevant. As noted, the Court found that while some of those objections may have, in a normal case, been reasonable, in this case they were as a result of Defendants' prior course of conduct. The Court granted no relief for these matters and indicated that if a dispute arose at the discovery that was not resolved, the Plaintiff could file motions to compel.

Defendants also argued that the Court's order only permitted one deposition and on limited areas of discovery, ignoring the "fully entitled to pursue all other remedies provided by law in the collection of such judgment" ruling quoted above. This was yet another of Defendants' specious arguments.

With the exception of the foregoing minor matters, the Court denies all of Defendants' motions.

**IT IS THEREFORE ORDERED** Defendants' AVAgro, LLC and UAB AVAgro's Emergency Motion for Clarification and/or Emergency Relief, Doc. 34, is hereby **DENIED**.

**IT IS FURTHER ORDERED** Defendants' AVAgro, LLC and UAB AVAgro's Motion to Quash and/or for Protective Order, Doc. 38, is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of May, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE