IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DREYMOOR FERTILIZERS OVERSEAS PTE. LTD. a Singapore entity, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>AVAGRO, LLC, a Kansas limited liability company, and UAB AVAGRO, a Lithuanian corporation, )<br>)<br>Respondents. ) | Case No. 6:20-mc-00105-EFM |

**MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND MEMORANDUM IN SUPPORT**

Plaintiff Dreymoor Fertilizers Overseas Pte. Ltd. ("Dreymoor") moves this Court for an entry of final judgment pursuant to Fed. R. Civ. Pro. 54(b). The Court recently granted Dreymoor's Motion to Enforce the Arbitration Award and granted certain post-judgment remedies. (Doc. 33) Plaintiff respectfully requests that the Court now enter final judgment on the enforcement of the arbitration award pursuant to Federal Rule of Civil Procedure 54(b) so that Dreymoor can provide the judgment to the Lithuanian court and prevent any action taken there that would allow AVAgro to jeopardize Dreymoor's ability to recover on its arbitration award.

**ARGUMENT**

Rule 54(b) provides that a district court may enter final judgment on a single claim in an action with multiple claims "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As explained below, the Court's order enforcing the arbitration award satisfies Rule 54(b)'s requirements, and there is no just reason to delay.

When deciding to enter judgment under 54(b), "[a] district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. V. Mackey*, 351 U.S. 427 (1956)). "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright *et al.*, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2654 at 33 (1982)). The Court's order enforcing the arbitration award is a final adjudication of Dreymoor's claim that the final arbitration award is valid and enforceable. All that remains are matters of post-judgment relief. While those are related to the claim of the arbitration award's enforceability, the post-judgment relief matters are distinct enough that the confirmation of arbitration award claim is appropriate for entry of final judgment under Rule 54(b).

Once the court has determined that the order it is certifying is a final order, the court must then "determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." *Okla. Tpk. Auth.*, 259 F.3d at 1242 (citation omitted). While Rule 54(b) requests are not to be granted routinely, they are appropriate to "'provide a recourse for litigants when dismissal of less than all their claims will create undue hardships.'" *Id.* (quoting *Gas-A-Car, Inc. v. Am. Petrofina, Inc.,* 484 F.2d 1102, 1105 (10th Cir. 1973).

As this Court well knows, time is of the essence in this matter. Many of the motions filed have been emergency applications as the result of multiple factors, including the nature of the UAN fertilizer and other court actions proceeding in Lithuania that are impacted by the results in the United States. Those court actions are active and moving forward. Even with the Lithuanian court's recent denial of the motion to release the UAN fertilizer, delaying the entry of judgment on the enforcement of the arbitration award until the post-judgment remedies are resolved could result in irreparable harm to Dreymoor as detailed in Dreymoor's Emergency Application for Order for Post-Judgment Remedies (Doc. 16) and Dreymoor's Additional Memorandum in Support of Emergency Application for Order for Post-Judgment Remedies and Notification of AVAgro's Attempts to Move the Subject UAN Fertilizer (Doc. 31). Accordingly, there is no just reason for delaying the entry of judgment.

## CONCLUSION

For the reasons stated above, Dreymoor respectfully requests that the Court enter final judgment pursuant to Rule 54(b) on the confirmation of the arbitration final award.

Dated this 29th day of May, 2020.

*/s/ Lynn D. Preheim*
Lynn D. Preheim  (#13300)
Anna C. Ritchie  (#24934)
STINSON LLP
1625 N. Waterfront Parkway, Suite 300
Wichita, Kansas 67206-6620
Telephone (316) 265-8800
Facsimile (316) 265-1349
lynn.preheim@stinson.com
anna.ritchie@stinson.com

*Attorneys for Petitioner Dreymoor Fertilizers Overseas Pte. Ltd.*

3

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 29th day of May, 2020, I caused the above and foregoing be electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Patrick B. Hughes
Adams Jones Law Firm PA
1635 N. Waterfront Pkwy., Suite 200
Wichita, KS 67206
phughes@adamsjones.com
*Attorney for Respondents*

                */s/ Lynn D. Preheim*
                Lynn D. Preheim