IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DREYMOOR FERTILIZERS OVERSEAS PTE. LTD., a Singapore entity,<br><br>*Plaintiff,*<br><br>vs.<br><br>AVAGRO, LLC, a Kansas limited liability company, and UAB AVAGRO, a Lithuanian corporation,<br><br>*Defendants.* | Case No. 20-mc-0105-EFM-GEB |

**MEMORANDUM AND ORDER**

Petitioner Dreymoor Fertilizers Overseas Pte. Ltd. ("Dreymoor") filed an Emergency Motion for Appointment of a Receiver for Respondent AVAgro, LLC (Doc. 83). It claims that AVAgro still owes it approximately $3 million, and that AVAgro only has one remaining asset from which Dreymoor can collect. That asset is money due to AVAgro from a Ukrainian company, Shakur LLC (the Shakur Receivable). Petitioner requests that a receiver be appointed over AVAgro for the purpose of collecting this receivable. The Court held a hearing on November 2, 2021. For the reasons stated below, the Court grants Petitioner's motion.

**I.     Factual and Procedural Background**

Dreymoor and AVAgro were previously involved in a dispute. After proceeding to arbitration, the arbitrator found against AVAgro and for Dreymoor. AVAgro did not make

payments to Dreymoor, and Dreymoor then filed the instant action to enforce the arbitration award on March 3, 2020. The Court granted Dreymoor's request on May 22, 2020. For the past eighteen months, various issues have arisen between the parties.

Dreymoor filed the instant motion seeking the appointment of a receiver to help collect the Shakur Receivable. This asset is approximately $1 million. The Shakur Receivable was originally a debt owed by Shakur to UAB AVAgro (UAB).[1] On June 15, 2019, UAB and Shakur entered into an Assignment Agreement in which UAB assigned its interest in debt to AVAgro.[2] Dreymoor claims that AVAgro will not make any effort to collect this receivable. Thus, Dreymoor wants a receiver appointed over AVAgro with the goal that the receiver pursues collection of the Shakur Receivable (for Dreymoor's benefit).

## II.     Legal Standard

Federal law governs the appointment of a receiver.[3] Federal Rule of Civil Procedure 66 provides that "[t]hese rules govern an action in which the appointment of a receiver is sought . . . . But the practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule."

---

[1] Respondent AVAgro is a Kansas limited liability company with its principal place of business in Kansas. Another respondent, UAB AVAgro, is a Lithuanian corporation. UAB is wholly owned by AVAgro LLC, and AVAgro LLC is wholly owned by Anna Mikhailova who operates both entities from AVAgro's principal place of business in Kansas. The receivership request only concerns AVAgro.

[2] Doc. 84-1.

[3] *Skipton v. RevHoney, Inc.*, 2020 WL 3545646, at *7 (D. Kan. 2020) (noting that the appointment of a receiver in a diversity case is a procedural matter governed by federal law) (citing *Myles v. Sapta*, 1998 WL 45494, at *3 (10th Cir. 1998); *United States v. Montgomery*, 268 F. Supp. 787, 788-89 (D. Kan. 1967) (noting that because the action arose under federal law, federal law should apply when determining whether to appoint a receiver) (citing *United States v. View Crest Garden Apartments, Inc.*, 268 F.3d 380, 382 (9th Cir. 1959).

The appointment of a receiver rests within the discretion of the Court.[4] It is an equitable remedy that is justified in extreme situations.[5] "Although there is no precise formula for determining when a receiver may be appointed," the factors are generally:

> (1) the existence of a valid claim by the moving party; (2) the probability that fraudulent conduct has occurred or will occur to frustrate the claim; (3) imminent danger that property will be lost, concealed, or diminished in value; (4) inadequacy of available legal remedies; (5) lack of a less drastic equitable remedy; and (6) the likelihood that appointment of a receiver will do more harm than good.[6]

### III.   Analysis

Here, Dreymoor meets all the requirements for the appointment of a receiver. There is no question that Dreymoor has a valid claim to the Shakur Receivable. The parties agree that Shakur owes the money to AVAgro. And while the parties disagree about the amount Dreymoor has collected and the amount still due from AVAgro to Dreymoor, the parties agree that AVAgro still owes money to Dreymoor.

As to fraudulent conduct, AVAgro has not cooperated with Dreymoor over the course of this proceeding in obtaining the funds from Shakur and has engaged in fraudulent behavior. In fact, the Court noted during the hearing that AVAgro's counsel has engaged in constant distractions, obstructions, and impediments to Dreymoor's ability to collect its arbitration award

---

[4] *See Skirvin v. Mesta*, 141 F.2d 668, 673 (10th Cir. 1944).

[5] *Skipton*, 2020 WL 3545646, at *7 (citing *LPP Mortg. Ltd. v. WorldwideChristian Aid, Inc.*, 2014 WL 12495345, at *2 (D.N.M. 2014)).

[6] *LPP Mortg.*, 2014 WL 12495345, at *3 (citing *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-17 (8th Cir. 1993); then citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedures* § 2983 (2014)).

and judgment throughout this case. Thus, the Court finds that the continuation of the parties' efforts without Court intervention would continue to frustrate obtaining the Shakur Receivable.

In addition, there is a real danger that the property will diminish in value. The statute of limitations on the Shakur Receivable—the only remaining potential asset for which Dreymoor may satisfy its judgment, or part of its judgment, against AVAgro—will expire soon. Specifically, the Shakur Receivable is based on a June 15, 2019 Assignment Agreement, and the statute of limitations will run in approximately seven months. Should that occur, the Shakur Receivable will have no value, and Dreymoor will have no other financial options to pursue against AVAgro.

Previous methods of collecting the Shakur Receivable have proved inadequate. As noted above, both parties assert that the Shakur Receivable needs to be collected and paid by Shakur. The parties, however, have differed in the approach to take over the past year and cannot come to an agreement on how to collect the Shakur Receivable. The Court previously granted Dreymoor's request for a garnishment order against Shakur, and this Court's garnishment order has not allowed Dreymoor to collect from Shakur.[7] In addition, the Court denied Dreymoor's request to obtain the right to AVAgro's cause of action against Shakur, finding that legally Dreymoor was not entitled to this remedy.[8] Thus, Dreymoor was limited in that regard. Accordingly, the previous legal remedies have been inadequate, and the appointment of a receiver appears necessary.

As to whether there is a less drastic equitable remedy, Dreymoor has proposed a limited receivership. Dreymoor only seeks the appointment of a receiver over AVAgro for the specific

---

[7] Doc. 54.

[8] Doc. 73.

purpose of obtaining the Shakur Receivable. Thus, the receiver's powers would be limited, and these limitations ensure that the least drastic equitable remedy will be imposed.

Finally, the appointment of a receiver will not do more harm than good. As noted above, the statute of limitations on the Shakur Receivable is running, and Dreymoor and AVAgro have made no progress over the past year on how to obtain this receivable. A receiver should be able to move the process along so that the value of the Shakur Receivable is not lost. Not appointing a receiver would appear to do more harm than good.

**IT IS THEREFORE ORDERED** that Petitioner's Emergency Motion for Appointment of Receiver (Doc. 83) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner must submit a proposed order for the appointment of specific receiver and delineating the receiver's duties and term by the end of this week. Respondent has three days to file any objections to the proposed order, and objections are limited to five pages.

**IT IS SO ORDERED**.

Dated this 2nd day of November, 2021.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE